IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
| | ) | No.  08 C 1702 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE ZAGEL |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| OFFICER JAMES SMITH, Star #20664, | ) | |
| OFFICER DARLENE WUJCIK, Star #1661, | ) | |
| DETECTIVE JOHN L. FOLINO, JR., Star #20143, | ) | |
| OFFICER MARTIN PHILBIN, Star # 4211, | ) | Magistrate Judge Ashman |
| OFFICER CARL HATTULA, Star #20516, | ) | |
| OFFICER T. K. FOLINO, Star #8669, | ) | |
| OFFICER J. L. FLORES, Star #8080, | ) | |
| OFFICER F. M. FAGIANO, Star #45, | ) | |
| DETECTIVE TIMOTHY B. McDERMOTT, | ) | JURY DEMAND |
| Star #21084, OFFICER J. E. ALVARADO, | ) | |
| Star #12730, OFFICER S. B. FORDE, Star #20203, | ) | |
| OFFICER S. M. FERGUS, Star #20809, OFFICER | ) | |
| V. H. KUBICA, Star #21066, OFFICER S. P. | ) | |
| DORSEY, Star #6126, OFFICER VAIL, | ) | |
| OFFICER SMITH, and Unknown Chicago | ) | |
| Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago, ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago for its Answer, Defenses, and Jury Demand to Plaintiff's Complaint, states as follows:

**Allegations**

1.   Andre Wilson was born on June 21,1985, and he is a resident of the City of Chicago, County of Cook, State of Illinois, and an African American United States Citizen.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to

the truth of allegations contained within this paragraph.

2.  City is a municipal corporation, and through its Chicago Police Department, is the employer and principal of all other Defendants. At all times relevant hereto, all Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with said institutions.  City employed the following Defendants as police officers in its Chicago Police Department at all times relevant to the matters alleged herein: Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143, Officer Martin Philbin, Star #4211, Officer Carl Hattula, Star #20516, Officer T .K. Folino, Star #8669, Officer J. L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J. E. Alvarado, Star #12730, Officer S. B. Forde, Star #20203, Officer S.M. Fergus, Star #20809, Officer V. H. Kubica, Star #21066, Officer S. P. Dorsey, Star #6126, Officers Vail and Smith (whose first names and initials are not known, and Unknown Chicago Police Officers (collectively, the "Officer Defendants"). The Officer Defendants were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities. With respect to the alleged murder by gun shot wound of Dorsay Davis on December 5, 2006, and the subsequent arrest, interrogation, imprisonment, and coercion of a false confession from Jones, Officer James Smith was a Reporting Officer, Officer Darlene Wujcik was an Approving Supervisor, Detective John L. Folino, Jr. was the primary Detective assigned and Assisting Arresting Officer, Officer Martin Philbin was the Reporting Officer assigned, Officer Carl Hattula was a Reporting Officer and Approving Supervisor, Officer T. K. Folino was the Attesting Officer and the 1st Arresting Officer, Officer J. L. Flores was the 2nd Arresting Officer, Officer F. M. Fagiano was the Approving Supervisor with respect to the approval of probable cause, and the final approval of charges, Detective Timothy B. McDermott was Detective and Assisting Arresting Officer and gave testimony before the December 2006 Grand Jury of the Circuit Court of Cook County in connection with the indictment of Andre Wilson and Larry Jones, Defendants Officer Vail and Officer Smith were Police Officers who participated in the misconduct alleged below, and Officers J. E. Alvarado, S.B. Forde, S.M. Fergus, V. H. Kubica, and S.P. Dorsey, were assisting arresting officers. At all times pertinent herein, Unknown Defendant Chicago Police Officers employed by the City as police officers also participated in the unlawful conduct herein.

ANSWER:   Defendant City admits it is a municipal corporation and that the Officer Defendants are sued in their individual capacities.  Defendant City additionally admits, upon information and belief, based upon Chicago Police Department records, that Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143; Officer Martin Philbin, Star #4211; Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669; Officer J.L. Flores, Star #8080, Officer F.M.

    Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S.B. Forde, Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066, Officer S.P. Dorsey, Star #6126, and Sgt. Mark Vail, are employees of the Chicago Police Department and were, at the time of this occurrence, Chicago Police Officers, on duty, acting in the course and scope of their employment and under color of law. Defendant City denies the remaining allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

  3. On information and belief, Dorsay Davis was killed and Tyisha Hillard was wounded in a robbery related incident on the sidewalk of the 300 block of North Pine Avenue, Chicago, Illinois, on December 5, 2006. Andre Wilson and Larry Jones were in a retail establishment at or about the time of these alleged crimes and certain security video tapes evidence their non-involvement in these alleged crimes.

ANSWER: Defendant City admits, on information and belief, based upon Chicago Police Department records, that Dorsey Davis was killed and Tyisha Hillard was wounded in an incident on the sidewalk in the 300 block of North Pine Avenue, Chicago, Illinois on December 5, 2006. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

  4. That on December 6, 2006, at approximately 2-3 a.m., Andre Wilson was wrongfully, willfully, and wantonly arrested without probable cause, by approximately four (4) police officers whom arrived at 217 N. Mason, Chicago, Illinois, 60651, the residence where Wilson resides with his family. Andre Wilson was forcibly handcuffed and taken out of his home and transported to Area 5 Chicago Police Station, at Grand and Central, Chicago, Illinois, where he was placed in an

interrogation/investigation room and held for more than forty-eight (48) hours.

ANSWER:    Defendant City admits, on information and belief, based upon Chicago Police Department records, that on December 6, 2006, Andre Wilson was arrested at his alleged residence. Defendant City further admits, on information and belief, based upon Chicago Police Department records, that Andre Wilson was transported to Area 5 Chicago Police Station, at Grand and Central, Chicago, IL and was placed in an Interview room. Defendant City denies, on information and belief, based upon Chicago Police Department records, that Andre Wilson was arrested at approximately 2-3 a.m. and that Andre Wilson was arrested at 217 N. Mason, Chicago, IL 60651. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

5.    That Chicago Police Officers had no probable cause to believe that Andre Wilson had committed a criminal act, and no arrest warrant had been issued for Wilson or search warrant issued for the search of his residence.

ANSWER:    Defendant City admits, on information and belief, based upon Chicago Police Department records, that no arrest warrant had been issued for Wilson or search warrant issued for the search of his residence. Defendant City denies, on information and belief, based on Chicago Police Department records, the remaining allegations contained within this paragraph.

6.    During the course of the interrogation, Wilson was denied rights afforded to him by the statutes of the State of Illinois and the united States of America, and the constitutions of the State of Illinois and the United States of America.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

7. That the Defendants concocted a false confession and coerced co-defendant Larry Jones to make said false confession, which fabricated his involvement and the involvement of Andre Wilson in the alleged crimes.

ANSWER: Defendant City denies these allegations to the extent they are directed toward the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

8. On December 8, 2006, Wilson was charged with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed with Firearm, Class X-type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken to Cook County Jail. On information and belief, between December 6, and December 8, 2006, the following Defendants also participated in unlawful conduct as follows: In the arrest of Wilson, Defendant Officer T. K. Folino wrongfully, willfully, and wantonly participated as the 1st Arresting Officer and Attesting Officer, Defendant Officer J. L. Flores wrongfully, willfully, and wantonly participated as the 2nd Attesting Officer, and Defendant Officer F. M. Fagiano wrongfully, willfully, and wantonly participated as the Approving Supervisor with respect to the approval of probable cause and final approval of charges in the knowingly false and untrue substantiation of probable cause and the baseless charges made against Wilson by the Officer Defendants. Wilson's initial court date was more than 48 hours after his warrantless arrest at approximately 2-3 a.m. on the morning of December 6, 2006. The arrest of Wilson and the charges made against him were without probable cause.

ANSWER: Defendant City admits, on information and belief, based upon Chicago Police Department records, that on December 8, 2006, Wilson was charged with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed with Firearm, Class X-type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2.. Defendant City denies that Wilson was arrested at approximately 2-3 a.m. on the morning of December 6, 2006. Defendant City admits, on information and belief, based on

      Chicago Police Department records that Wilson was arrested on the morning of December 6, 2006. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

      9.    On or about December 28, 2006, the December 2006 Grand Jury of the Circuit Court of Cook County, Illinois, by reason of the testimony of Defendant Detective Timothy B. McDermott, given knowingly, wrongfully, willfully, wantonly, and maliciously against Wilson, returned a 22 count indictment in *The People of the State of Illinois vs. Andre Wilson, Larry Jones*, General No. 06 CR 28446, in connection with the alleged murder of Dorsay Davis and shooting of Tyisha Hillard and related armed robbery which included the following counts against both Andre Wilson and Jones: Six (6) Counts of First Degree Murder with respect to Dorsay Davis, One (1) Count of Attempted First Degree Murder with respect to Tyisha Hillard, One (1) Count of Aggravated Battery with respect to Tyisha Hillard, Two (2) Counts of Armed Robbery with respect to Tyisha Hillard, One (1) Count of Attempted Armed Robbery with respect to Dorsay Davis, and One (1) Count of Aggravated Discharge of a Firearm with respect to Tyisha Hillard.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

      10.    On January 18, 2007, on Motion of the Cook County State's Attorney, the Honorable Judge Stanley J. Sacks entered an Order of Nolle Prosequi with regard to all charges against Wilson thereby terminating the criminal action favorably to Wilson in Case No. 06 CR 28446, and Wilson was discharged and released as to said Case. The Cook County State's Attorney abandoned the prosecution of Andre Wilson and Larry Jones for reasons indicative of their innocence, including but not limited to, the existence of security of videotapes which established their non-involvement in the crimes.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

      11.    As a direct and proximate result of the facts and allegations set forth above, Wilson was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and employment opportunities, he

had to bear the loss of his freedom and the indignities of imprisonment, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

## COUNT I

### Wilson
### 42 U.S.C. Section 1983 - False Arrest and False Imprisonment

1-11.   Wilson re-alleges paragraphs 1 through 11 inclusive of Allegations Common to All Counts as paragraphs 1 through 11, inclusive of Count I.

ANSWER:   Defendant City re-alleges its answers to paragraphs 1 through 11 as though fully set forth herein.

12.   As alleged in the preceding paragraphs, Wilson was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of Officer Defendants alleged above.

ANSWER:   Defendant City denies, on information and belief, based upon Chicago Police Department records, that Wilson was improperly seized, arrested and imprisoned without probable cause. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

13.   The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in the preceding paragraphs.

ANSWER:   Defendant City denies that the preceding paragraphs of the Complaint describe any

policies, practices, and/or customs of the Chicago Police Department. Defendant City denies the remaining allegations contained within this paragraph.

14. As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Wilson was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

ANSWER:   Defendant City denies that its polices, practices, and customs resulted in any injury to Wilson. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## COUNT II

### Wilson

### Intentional Infliction of Emotional Distress

1-11.   Wilson re-alleges paragraphs 1 through 11, inclusive of Allegations Common to All Counts in Paragraphs 1 through 11 inclusive of Count II.

ANSWER:   Defendant City re-alleges its answers to paragraphs 1 through 11 as though fully set forth herein.

15. In being arrested and treated in the aforesaid manner by the Officer Defendants, Wilson suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

16. The conduct of Defendant Officers towards Wilson in this manner was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

ANSWER:    Defendant City denies, on information and belief, based upon Chicago Police Department records, that Wilson was improperly seized, arrested and imprisoned without probable cause. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

17. At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant Officers in the arrest, treatment, and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant Officers could not have been accomplished without the participation of other employees of the City of Chicago's Police Department which are proximate cause of the pain and suffering Wilson was subjected to and the deprivation of his constitutional rights.

ANSWER:    Defendant City denies the allegations contained in this paragraph to the extent they are directed toward the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

18. The acts and omissions of the Defendant Officers individually and as agents of City and City constitute extreme and outrageous conduct by Defendants.

ANSWER:    Defendant City denies the allegations contained in this paragraph to the extent they are directed toward the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

3. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

4. Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened

by Plaintiff's failure to take reasonable action to minimize those damages.

6.     To the extent any injuries or damages claimed by Plaintiffs was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See <u>People of City of Rollings Meadows</u>, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.     One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102.  If the Defendant Officers are found not liable to Plaintiff, the City is not liable to Plaintiff.  745 ILCS 10/2-109.

## JURY DEMAND

The City respectfully requests a trial by jury.

                              Respectfully submitted,

                              MARA S. GEORGES,
                              CORPORATION COUNSEL
                              CITY OF CHICAGO

By:   /s/ Rita Moran
        Rita Moran
        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No. 06270301