IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, et. al. | ) | |
|     Plaintiffs, | ) | 08 C 413 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
|     Plaintiff, | ) | 08 C 1702 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, moves this Court pursuant to Fed.R.Civ.P. 26(c), for entry of a protective order. In support thereof, the City states as follows:

1. Documents pertaining to the parties and non-parties will be sought and produced in these matters, including the production of personnel files and information such as disciplinary histories, Complaint Registers, confidential juvenile records, confidential information regarding third-parties, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding party and non-party police officers (including but not limited to personnel files and information, disciplinary documents, personal identifiers of officers and their families and financial information), and personal identifiers of non-party civilian witnesses. Complaint Registers may also include medical information protected by federal law.

2.  Personnel files, disciplinary histories and related information are protected by: the the <u>Illinois Personnel Records Review Act</u> 820 ILCS 40/0.01, which protects the disclosure of employee personnel files, disciplinary histories and related information; Section 7 of the <u>Illinois Freedom of Information Act</u>. 5 ILCS 140/1 et. seg., which exempts personnel files and documents appropriately contained in personnel files (<u>i.e.</u>, disciplinary records) from disclosure; and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know is likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

3.  The City's proposed Protective Order would govern the discovery stage of this litigation and would prohibit the use of the specifically identified confidential information for any purpose other than the litigation of these cases. The order would further prohibit the dissemination of this specifically identified material and information contained therein to parties outside this litigation, and requires their return or destruction to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law and protect against unfairness in the trial process.

4.  For the foregoing reasons, good cause is established for entry of the proposed protective order.

---

[1] The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved."

5. The City sent copies of the proposed protective order (attached hereto as Exhibit 1) to Plaintiffs' counsel on May 7, 2008. On May 19, 2008, pursuant to this Court's orders, the parties had a face-to-face conference on May 19, 2008. At that time, the City's proposed protective order was discussed. Counsel for Plaintiff Andre Wilson, stated he had no objection to the entry of the City's proposed protective order. Counsel for Plaintiffs Jones stated they had objections in that some of the City's proposed language in the protective order was unclear. Counsel for the City and Counsel for Plaintiffs Jones were unable to come to an agreement modifying the language of the proposed protective order.

6. The language contained in the City's proposed protective order mirrors the language found in the protective orders entered in numerous federal civil rights cases brought against the City of Chicago and entry of such an order will facilitate the exchange of discovery in these cases.

**WHEREFORE,** the City requests that this Court enter the attached Protective Order.

**DATED: May 23, 2008**

        MARA S. GEORGES
        Corporation Counsel of the City of Chicago

By: /s/ Rita Moran

        Assistant Corporation
        Counsel
        Attorney for Defendant City of Chicago

30 N. LaSalle, Ste. 1020
Chicago, IL 60602
(312) 744-4939

## CERTIFICATE OF SERVICE

I Rita Moran, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **MOTION FOR ENTRY OF A PROTECTIVE ORDER** to be sent via e-filing delivery (except where noted), this 23rd day of May, 2008, to:

John Gerstner & Mary Anne Spellman Gerstner
Gerstner & Gerstner
53 W. Jackson Blvd., Suite 1538
Chicago, IL 60604

Robert W. Smith (**via 1st class mail**)
320 S. Westmore
Lombard, IL 60148

Christopher Smith, Jared Kosoglad, and James Baranyk
119 N. Peoria St., Suite 3A
Chicago, IL 60607

Chrisopher Wallace
Assistant Corporation Counsel
30 N. LaSalle, Ste. 1400
Chicago, IL 60602

Jonathan Green
Senior Corporation Counsel
30 N. LaSalle, Ste. 1400
Chicago, IL 60602

By:    /s/ Rita Moran
       Rita Moran
       Assistant Corporation Counsel

# EXHIBIT A

Case 1:08-cv-01702  Document 15-2  Filed 05/23/2008  Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, et. al., | ) | |
|     Plaintiffs, | ) | 08 C 413 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
|     Plaintiff, | ) | 08 C 1702 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

### QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.     The following words and terms are defined for purposes of this qualified protective order:

    1.     "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

    2.     "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

    3.     "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

    4.     "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past,

present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action under case number 08 C 413 or under case number 08 C 1702, which was found to be a related matter by the Honorable Judge George Lindberg on April 21, 2008, whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action under case number 08 C 413 or under case number 08 C 1702 which was found to be a related matter by the Honorable Judge George Lindberg on April 21, 2008. "Confidential matter" includes, but is not limited to, personnel files, disciplinary histories actions, complaint histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that is protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information. "Confidential matter" shall also include juvenile records protected by 705 ILCS 405/1-7 (West 2007) and juvenile educational records.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in these proceedings under docket numbers 08 C 413 and 08 C 1702 for any other

       purpose or in any other proceeding, except that the PHI and/or Confidential Matter released in 08 C 413 shall be permitted to be released in 08 C 1702 and vice versa.

2. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall be returned before any settlement, judgment or verdict is paid in this matter by the producing party.

4. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following person:

**LARRY JONES, DOB: 19 JUL 86**
**DAMION JONES, DOB: 25 MAR 92**
**ANDRE WILSON, DOB: 21 JUN 85**

5. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT
TO PROTECTIVE ORDER ENTERED IN
08 C 413 and 08 C 1702"**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7. To the extent that a Party believes it has a right to redact information, it

may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8. By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

9. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

10. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall **NOT** be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents in tact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER:

_____
JUDGE GEORGE W. LINBERG
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT

DATED: _____