IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
| | ) | No.   08 C 1702 |
| Plaintiff, | ) | |
| | ) | JUDGE LINDBERG |
| v. | ) | |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, a Municipal Corporation | ) | |
| OFFICER JAMES SMITH, Star #20664, | ) | |
| OFFICER DARLENE WUJCIK, Star #1661, | ) | |
| DETECTIVE JOHN L. FOLINO, JR., Star # 20143, | ) | |
| OFFICER MARTIN PHILBIN, Star #4211, | ) | |
| OFFICER CARL HATTULA, Star #20516, | ) | **JURY DEMAND** |
| OFFICER T. K. FOLINO, Star #8669, | ) | |
| OFFICER J. L. FLORES, Star #8080, | ) | |
| OFFICER F. M. FAGIANO, Star #45, | ) | |
| DETECTIVE TIMOTHY B. McDERMOTT, | ) | |
| Star #21084, OFFICER J. E. ALVARADO, | ) | |
| Star #12730, OFFICER S. B. FORDE, | ) | |
| Star #20203, OFFICER S. M. FERGUS, | ) | |
| Star #20809, OFFICER V. H. KUBICA | ) | |
| Star #21066, OFFICER S. P. DORSEY, Star #6126, | ) | |
| OFFICER VAIL, OFFICER SMITH, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' AGREED MOTION *INSTANTER* FOR LEAVE TO FILE ANSWER TO COMPLAINT**

Individual Defendants, JAMES SMITH, DARLENE WUJCIK, JOHN FOLINO, JR., MARTIN PHILBIN, TONY FOLINO, FRANK FAGIANO, TIMOTHY MCDERMOTT, JOSUA ALVARADO, SEAN FORDE, SHEAMUS FERGUS, VICTOR KUBICA, JOSE FLORES, CARL HATTULA, MARK VAIL and SEAN DORSEY (collectively referred to as "Individual Defendants"), by and through one of their attorneys, Christopher A. Wallace, Assistant Corporation Counsel for the City of Chicago,, respectfully moves this Honorable Court for leave to file their answer, affirmative defenses and jury

demand to plaintiff's complaint.  In support of this motion, Individual Defendants state as follows.

  1. This lawsuit is related to the matter of *Larry Jones, Jr., et al. v. City of Chicago, et al.*, Case No. 08 C 413 (Mag. Ashman presiding) and contains similar or substantially similar allegations to those raised in the Jones matter.  Discovery is on-going between the parties in both the *Jones* matter and in this matter before Judge Ashman; the discovery involves substantial overlap of documents and witnesses.  Indeed, the named defendants in this case are identical to the named defendants in the *Jones* matter.

  2. Individual Defendants request leave to file their answer to the complaint, copy of which is attached hereto as Exhibit A.

  3. This motion has been made to address the pleading set forth by Plaintiff in this matter and serves to promote the just and efficient resolution of this case.   No prejudice will result to Plaintiff by granting this motion and allowing Defendant to file their answer.

  4. Counsel for plaintiff stated he did not object to the instant motion.

  WHEREFORE, Individual Defendants respectfully request leave of Court to file their Answer, Affirmative Defenses and Jury Demand and any other relief the Court deems just and proper.

DATED:  September 4, 2008

                   Respectfully submitted,

City of Chicago

/s/ *Christopher A. Wallace*
Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Individual Defendants*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

**CERTIFICATE OF SERVICE**

    I, Christopher Wallace, hereby certify that on September 4, 2008, I caused a copy of the foregoing Motion to be served upon counsel for Plaintiff via the Court's ECF filing system.

                            /s/ Christopher Wallace
                             Christopher Wallace

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILSON, ) | |
| ) | No.   08 C 1702 |
| Plaintiff, ) | |
| ) | JUDGE LINDBERG |
| v. ) | |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, a Municipal Corporation ) | |
| OFFICER JAMES SMITH, Star #20664, ) | |
| OFFICER DARLENE WUJCIK, Star #1661, ) | |
| DETECTIVE JOHN L. FOLINO, JR., Star # 20143,) | |
| OFFICER MARTIN PHILBIN, Star #4211, ) | |
| OFFICER CARL HATTULA, Star #20516, ) | **JURY DEMAND** |
| OFFICER T. K. FOLINO, Star #8669, ) | |
| OFFICER J. L. FLORES, Star #8080, ) | |
| OFFICER F. M. FAGIANO, Star #45, ) | |
| DETECTIVE TIMOTHY B. McDERMOTT, ) | |
| Star #21084, OFFICER J. E. ALVARADO, ) | |
| Star #12730, OFFICER S. B. FORDE, ) | |
| Star #20203, OFFICER S. M. FERGUS, ) | |
| Star #20809, OFFICER V. H. KUBICA ) | |
| Star #21066, OFFICER S. P. DORSEY, Star #6126, ) | |
| OFFICER VAIL, OFFICER SMITH, and ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**INDIVIDUAL DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

Individual Defendants, JAMES SMITH, DARLENE WUJCIK, JOHN FOLINO, JR., MARTIN PHILBIN, TONY FOLINO, FRANK FAGIANO, TIMOTHY MCDERMOTT, JOSUA ALVARADO, SEAN FORDE, SHEAMUS FERGUS, VICTOR KUBICA, JOSE FLORES, CARL HATTULA, MARK VAIL and SEAN DORSEY (collectively referred to as "Individual Defendants"), by and through one of their attorneys, Christopher A. Wallace, Assistant Corporation Counsel for the City of Chicago, submit the foregoing joint answer to plaintiff's complaint, affirmative defenses and jury demand.

## Allegations

1. Andre Wilson was born on June 21, 1985, and he is a resident of the City of Chicago, County of Cook, State of Illinois, and an African American United States Citizen.

**ANSWER: Individual Defendants admit that Andre Wilson's is an African American. Answering further, Individual Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this paragraph.**

2. City is a municipal corporation, and through its Chicago Police Department, is the employer and principal of all other Defendants. At all times relevant hereto, all Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with said institutions. City employed the following Defendants as police officers in its Chicago Police Department at all times relevant to the matters alleged herein: Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143, Officer Martin Philbin, Star #4211, Officer Carl Hattula, Star #20516, Officer T. K. Folino, Star #8669, Officer J. L. Flores, Star #8080, Officer F. M. Fagiano, Star #45, Detective Timothy b. McDermott, Star #21084, Officer J. E. Alvarado, Star #12730, Officer S. B. Forde, Star #20203, Officer S. M. Fergus, Star #20809, Officer V. H. Kubica, Star #21066, Officer S. P. Dorsey, Star #6126, Officers Vail and Smith (whose first names and initials are not known, and Unknown Chicago Police Officers (collectively, the "Officer Defendants"). The Officer Defendants were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities. With respect to the alleged murder by gun shot wound of Dorsay Davis on December 5, 2006, and the subsequent arrest, interrogation, imprisonment, and coercion of a false confession from Jones, Officer James Smith was a Reporting Officer, Officer Darlene Wujcik was an Approving Supervisor, Detective John L. Folino, Jr. was the primary Detective assigned and Assisting Arresting Officer, Officer Martin Philbin was the Reporting Officer assigned, Officer Carl Hattula was a Reporting Officer and Approving Supervisor, Officer T.K. Folino was the Attesting Officer and the 1st Arresting Officer, Officer J. L. Flores was the 2nd Arresting Officer, Officer F. M. Fagiano was the Approving Supervisor with respect to the approval of probable cause, and the final approval of charges, Detective Timothy B. McDermott was Detective and Assisting Arresting Officer and gave testimony before the December 2006 Grand Jury of the Circuit Court of Cook County in connection with the indictment of Andre Wilson and Larry Jones, Defendant Officer Vail and Officer Smith wre Police Officers who participated in the misconduct alleged below, and Officers J. E. Alvarado, S. B. Forde, S. M. Fergus, V. H. Kubica, and S. P. Dorsey, were assisting arresting officers. At all times pertinent herein, Unknown Defendant Chicago Police Officers employed by the City as police officers also participated in the unlawful conduct herein.

**ANSWER: Individual Defendants admit that the City of Chicago is a municipal corporation and that they are sued in their individual capacities. Individual Defendants additionally admit that they are employees of the Chicago Police Department and were, at**

2

all times relevant to any conduct attributable to them, duly licensed Chicago Police Officers, on duty, and acting in the course and scope of their employment and under color of law. Individual Defendants deny any wrongful or complained of conduct set forth in this Complaint and as set forth in this paragraph. Individual Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained within this paragraph.

3. On information and belief, Dorsay Davis was killed and Tyisha Hillard was wounded in a robbery related incident on the sidewalk in the 300 block of North Pine Avenue, Chicago, Illinois, on December 5, 2006. Andre Wilson and Larry Jones were in a retail establishment at or about the time of these alleged crimes and certain security video tapes evidence their non-involvement in these alleged crimes.

ANSWER: Individual Defendants admit that Dorsey Davis was killed and Tyisha Hillard was wounded in a robbery related incident on the sidewalk in the 300 block of North Pine Avenue, Chicago, Illinois on December 5, 2006. Individual Defendants deny, upon information and belief, the remaining allegations and complained of conduct contained within this paragraph.

4. That on December 6, 2006, at approximately 2-3 a.m., Andrew Wilson was wrongfully, willfully and wantonly arrested without probable cause, by approximately four (4) police officers whom arrived at 217 N. Mason, Chicago, Illinois, 60651, the residence where Wilson resides with his family. Andre Wilson was forcibly handcuffed and taken out of his home and transported to Area 5 Chicago Police Station, at Grand and Central, Chicago, Illinois, where Wilson was placed in an interrogation/investigation room and held for more than forty-eight (48) hours.

ANSWER: Individual Defendants deny the allegations set forth in this paragraph as stated.

5. That Chicago Police Officers had no probable cause to believe that Andre Wilson had committed a criminal act, and no arrest warrant had been issued for Wilson or search warrant issued for the search of his residence.

**ANSWER:** **Individual Defendants deny the allegations set forth in this paragraph but admit that no arrest warrant or search warrant had been issued.**

6. During the course of the interrogation, Wilson was denied rights afforded to him by the statutes of the State of Illinois and the United States of America, and the constitutions of the State of Illinois and the United States of America.

**ANSWER:** **Individual Defendants deny the allegations set forth in this paragraph.**

7. That the Defendants concocted a false confession and coerced co-defendant Larry Jones to make said confession, which fabricated his involvement and the involvement of Andre Wilson in the alleged crimes.

**ANSWER:** **Individual Defendants deny the allegations set forth in this paragraph.**

8. On December 8, 2006, Wilson was charged with the offenses of Murder-First Degree, Class M-Tye, F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS5.0/18-2-A-2; and Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken to Cook County Jail. On information and belief, between December 6 and December 8, 2006, the following Defendants also participated in unlawful conduct as follows: In the arrest of Wilson, Defendant Officer T. K. Folino wrongfully, willfully, and wantonly participated as the 1st Arresting Officer and Attesting Officer, Defendant Officer J. L. Flores wrongfully, willfully, and wantonly participated as the 2nd Attesting Officer, and Defendant F. M. Fagiano wrongfully, willfully, and wantonly participated as the Approving Supervisor with respect to the approval of probable cause and final approval of charges in the knowingly false and untrue substantiation of probable cause and the baseless charges made against Wilson by the Officer Defendants. Wilson's initial court date was more than 48 hours after his warrantless arrest at approximately 2-3 a.m. on the morning of December 6, 2006. The arrest of Wilson and the charges made against him were without probable cause.

**ANSWER:** **Individual Defendants admit the allegation that "on December 8, 2006, Andre Wilson charged with the offenses of Murder-First Degree, Class M-Tye, F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS5.0/18-2-A-2; and Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken**

4

to Cook County Jail." Individual Defendants deny the remaining allegations and complained of conduct set forth in this paragraph.

9. On or about December 28, 2006, the December 2006 Grand Jury of the Circuit Court of Cook County, Illinois, by reason of the testimony of Defendant Detective Timothy B. McDermott, given knowingly, wrongfully, willfully, wantonly, and maliciously against Wilson, returned a 22 count indictment in *The People of the State of Illinois vs. Andre Wilson, Larry Jones, General No. 06 CR 28446*, in connection with the alleged murder of Dorsay Davis and shooting of Tyisha Hillard and related armed robbery which included the following counts against both Andre Wilson and Jones: Six (6) Counts of First Degree Murder with respect to Dorsay Davis, One (1) Count of Attempted First Degree Murder with respect to Tyisha Hillard, One (2) Count of Aggravated Battery with respet to Tyisha Hillard, Two (2) Counts of Armed Robbery with respect to Tyisha Hillard, One (1) Count of Attempted Armed Robbery with respect to Dorsay Davis, and One (1) Count of Aggravated Discharge of a Firearm with respect to Tyisha Hillard.

**ANSWER:** Individual Defendants deny the allegations and complained of conduct set forth in this paragraph as stated.

10. On January 18, 2007, on Motion of the Cook County State's Attorney, the Honorable Judge Stanley J. Sacks entered on Order of Nolle Prosequi with regard to all charges against Wilson thereby terminating the criminal action favorably to Wilson in Case No. 06 CR 28446, and Wilson was discharged and released as to said Case. The Cook County State's Attorney abandoned the prosecution of Andre Wilson and Larry Jones for reasons indicative of their innocence, including but not limited to, the existence of security of videotapes which established their non-involvement in the crimes.

**ANSWER:** Individual Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

11. As a direct and proximate result of the facts and allegations set forth above, Wilson was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation an employment opportunities, he had to bear the loss of his freedom and the indignities of imprisonment, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

**ANSWER:** Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.

### COUNT I - Wilson
### 42 U.S.C. Section 1983 – False Arrest and False Imprisonment

1-11.   Wilson realleges paragraphs 1 through 11 inclusive of Allegations common to All Counts as paragraphs 1 through 11, inclusive of Count I.

**ANSWER:   Individual Defendants hereby incorporate herein and re-state their respective answers to paragraphs one (1) through eleven (11) of Plaintiff's Complaint, above, as fully restated therein, as their respective answers to paragraphs one (1) through eleven (11) of Count I of Plaintiff's Complaint, above.**

12.   As alleged in the preceding paragraphs, Wilson was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of Officer Defendants alleged above.

**ANSWER:   Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

13.   The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

**ANSWER:   Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

14.   As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Wilson was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

**ANSWER:   Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

### COUNT II - Wilson
### Intentional Infliction of Emotional Distress

1-11.   Wilson realleges paragraphs 1 through 11, inclusive of Allegations Common to All Counts in Paragraphs 1 through 11 inclusive of Count II.

6

ANSWER:   Individual Defendants hereby incorporate herein and re-state their respective answers to paragraphs one (1) through eleven (11) of Plaintiff's Complaint, above, as fully restated therein, as their respective answers to paragraphs one (1) through eleven (11) of Count II of Plaintiff's Complaint, above.

15.   In being arrested and treated in the aforesaid manner by the Officer Defendants, Wilson suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

ANSWER:   **Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

16.   The conduct of the Defendant Officers towards Wilson in this manner was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

ANSWER:   **Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

17.   At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant Officers in the arrest, treatment, and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant Officers could not have been accomplished without the participation of other employees of the City of Chicago's Police Department which are proximate cause of the pain and suffering Wilson was subjected to and the deprivation of his constitutional rights.

ANSWER:   **Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

18.   The acts and omissions of the Defendant Officers individually and as agents of City and City constitute extreme and outrageous conduct by Defendants.

ANSWER:   **Individual Defendants deny the allegations and complained of conduct set forth in this paragraph.**

## **AFFIRMATIVE DEFENSES**

1. The Individual Defendants are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed.

2. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), the Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2004).

3. Under Section 202 of the Tort Immunity Act, the Individual Defendants are not liable for injuries claimed in Plaintiff's state law claim because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004). The Individual Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4. Under Section 204 of the Tort Immunity Act, the Individual Defendants are not liable for the injuries claimed under Plaintiff's state law claim because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2004).

5. Under Section 208 of the Tort Immunity Act, the Individual Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2004).

6. Any award of damages against the Individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to her contributory negligence and bars her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

7. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8. As Plaintiff has failed to timely bring his intentional infliction of emotional distress claim, Plaintiff's intentional infliction of emotional distress claims is barred by the applicable statute of limitations.

## 12(b)(6) DEFENSE: PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Individual Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(b) the award of punitive damages is disproportionate to actual damages.

## CONCLUSION

*WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any*

9

*other relief this Court deems just and proper.*

## JURY DEMAND

Individual Defendants demand a trial by jury for all issues so triable by jury.

Respectfully submitted,

/s/ Christopher A. Wallace
Christopher A. Wallace
Assistants Corporation Counsel
*Attorney for Individual Defendants*

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6408
ARDC # 6278655

**CERTIFICATE OF SERVICE**

    I, Christopher Wallace, an attorney, hereby certify that on September 4, 2008, I caused true and correct copy of the above pleading to be served upon counsel for Plaintiff by filing the same before the Court via the ECF system.

/s/ Christopher Wallace
Christopher Wallace
